**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| WEBVENTION LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:10-cv-410 |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| ADIDAS AMERICA INC.; | § | |
| AMERICAN EAGLE OUTFITTERS, INC.; | § | |
| BARNES & NOBLE, INC.; | § | |
| BIOGEN IDEC INC.; | § | |
| CLEAR CHANNEL; | § | |
| COACH; | § | |
| COCA-COLA COMPANY; | § | |
| COGNIZANT TECHNOLOGY | § | |
| SOLUTIONS; | § | |
| DEUTSCHE BANK; | § | |
| DR PEPPER SNAPPLE GROUP, INC.; | § | |
| HARRIS CORPORATION; | § | |
| LG ELECTRONICS; | § | |
| MACY'S INC.; | § | |
| NISOURCE, INC.; | § | |
| NORTHERN TOOL & EQUIPMENT; | § | |
| OAKLEY; | § | |
| VALERO ENERGY CORPORATION; | § | |
| VARIAN MEDICAL SYSTEMS, INC.; | § | |
| WILLIAMS – SONOMA INC.; | § | |
| ZALES THE DIAMOND STORE | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff WEBVENTION LLC files this Original Complaint against the above-named Defendants, alleging as follows:

## I.    THE PARTIES

1. Plaintiff WEBVENTION LLC ("Webvention") is a Texas limited liability company with its principal place of business at 505 East Travis Street, Suite 209, Marshall, Texas 75670.

2. Defendant ADIDAS AMERICA INC. ("Adidas") is a Oregon corporation with is principal place of business in Portland, Oregon. This Defendant may be served with process at its principal place of business, 5055 N. Greeley Avenue, Portland, Oregon 97217.

3. Defendant AMERICAN EAGLE OUTFITTERS, INC. ("American Eagle") is a Philadelphia corporation with is principal place of business in Pittsburgh, Philadelphia. This Defendant may be served with process at its principal place of business, 77 Hot Metal Street, Pittsburgh, Philadelphia 15203.

4. Defendant BARNES & NOBLE, INC. ("Barnes & Noble") is a New York corporation with is principal place of business in New York, New York. This Defendant may be served with process at its principal place of business, 122 5th Avenue, Suite 2, New York, New York 10011.

5. Defendant BIOGEN IDEC INC. ("Biogen") is a Massachusetts corporation with is principal place of business in Cambridge, Massachusetts. This Defendant may be served with process at its principal place of business, 14 Cambridge Center, Cambridge, Massachusetts 02142.

6. Defendant CLEAR CHANNEL ("Clear Channel") is a Texas corporation with its principal place of business in San Antonio, Texas. This Defendant may be served with process at its principal place of business, 200 East Basse Road, San Antonio, Texas 78209.

7.     Defendant COACH ("COACH") is a New York corporation with its principal place of business in New York, New York.  This Defendant may be served with process at its principal place of business, 516 West 34th Street, New York, New York 10001-1394.

8.     Defendant COCA-COLA COMPANY ("Coca-Cola") is a Georgia corporation with is principal place of business in Atlanta, Georgia.  This Defendant may be served with process at its principal place of business, 1 Coca Cola Plaza NW, Atlanta, Georgia 30313.

9.     Defendant COGNIZANT TECHNOLOGY SOLUTIONS ("Cognizant") is a New Jersey corporation with is principal place of business in Teaneck, New Jersey.  This Defendant may be served with process at its principal place of business, Glenpointe Centre West, 500 Frank West Burr Boulevard, Teaneck, New Jersey 07666-6804.

10.    Defendant DEUTSCHE BANK ("Deutsche Bank") is a New York corporation with is principal place of business in New York, New York.  This Defendant may be served with process at its principal place of business, 60 Wall Street, Frnt 1, New York, New York 10005.

11.    Defendant DR PEPPER SNAPPLE GROUP, INC. ("Dr Pepper Snapple Group") is a Texas corporation with is principal place of business in Plano, Texas.  This Defendant may be served with process at its principal place of business, 5301 Legacy Drive, Plano, Texas 75024.

12.    Defendant HARRIS CORPORATION ("Harris") is a Florida corporation with is principal place of business in Melbourne, Florida.  This Defendant may be served with process at its principal place of business, 1025 West Nasa Boulevard, Melbourne, Florida 32901.

13.    Defendant LG ELECTRONICS ("LG Electronics") is a New Jersey corporation with is principal place of business in Englewood Cliffs, New Jersey.  This Defendant may be

served with process at its principal place of business, 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

14.     Defendant MACY'S, INC. ("Macy's") is a Ohio corporation with is principal place of business in Cincinnati, Ohio.  This Defendant may be served with process at its principal place of business, 7 West Seventh Street, Cincinnati, Ohio 45202.

15.     Defendant NISOURCE, INC. ("NiSource") is a Indiana corporation with is principal place of business in Merrillville, Indiana.  This Defendant may be served with process at its principal place of business, 801 East 86th Avenue, Merrillville, Indiana 46410-6272.

16.     Defendant NORTHERN TOOL & EQUIPMENT ("Northern Tool & Equipment") is a Minnesota corporation with is principal place of business in Burnsville, Minnesota.  This Defendant may be served with process at its principal place of business, 2800 Southcross Drive West, Burnsville, Minnesota 55306.

17.     Defendant OAKLEY ("Oakley") is a California corporation with is principal place of business in Foothill Ranch, California.  This Defendant may be served with process at its principal place of business, 1 Icon, Foothill Ranch, California 92610.

18.     Defendant VALERO ENERGY CORPORATION ("Valero") is a Texas corporation with is principal place of business in San Antonio, Texas.  This Defendant may be served with process at its principal place of business, One Valero Way, San Antonio, Texas 78249.

19.     Defendant VARIAN MEDICAL SYSTEMS, INC. ("Varian") is a California corporation with is principal place of business in Palo Alto, California.  This Defendant may be served with process at its principal place of business, 3100 Hansen Way, Palo Alto, California 94304.

20.     Defendant WILLIAMS – SONOMA INC. ("Williams - Sonoma") is a California corporation with is principal place of business in San Francisco, California.  This Defendant may be served with process at its principal place of business, 3250 Van Ness Avenue, San Francisco, California 94109.

21.     Defendant ZALES THE DIAMOND STORE ("Zales") is a Texas corporation with is principal place of business in Irving, Texas.  This Defendant may be served with process at its principal place of business, 901 West Walnut Hill Lane, Irving, Texas 75038-1001.

## II.     JURISDICTION AND VENUE

22.     This is an action for infringement of a United State Patent arising under 35 U.S.C. §§ 271, 281, and 284-285, among others.  This Court has subject matter jurisdiction of this action under Title 28 U.S.C. §1331 and §1338(a).

23.     The Court has general and specific personal jurisdiction over each Defendant, and venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Each Defendant has substantial contacts with the forum as a result of conducting substantial business within the State of Texas and within this District.  Upon information and belief, each Defendant regularly solicits business in the State of Texas and in this District, and derives substantial revenue from products and/or services provided to individuals residing in the State of Texas and in this District.  In addition, each Defendant conducts business utilizing the claimed systems and methods with and for customers residing in this District.  Specifically, each Defendant provides and/or markets its products and services directly to consumers in this District through its website(s) (e.g. www.conocophillips.com).  Through its website(s), each Defendant has committed and continues to commit acts of patent infringement in the State of Texas and in this District.

### III.    PATENT INFRINGEMENT

24. On October 5, 1993, United State Patent No. 5,251,294 ("the '294 patent") was duly and legally issued for "Accessing, Assembling, and Using Bodies of Information." A true and correct copy of the '294 patent is attached hereto as Exhibit "A." Webvention is the owner by assignment of all rights, title and interest in and to the '294 patent and possesses all rights of recovery there under.

25. Defendant Adidas America Inc. has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.adidas.com, that practice or embody the patented invention.

26. Defendant American Eagle Outfitters, Inc. has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.ae.com, that practice or embody the patented invention.

27. Defendant Barnes & Noble, Inc. has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.barnesandnoble.com, that practice or embody the patented invention.

28. Defendant Biogen Idec Inc. has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.biogenidec.com, that practice or embody the patented invention.

29. Defendant Clear Channel has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the patent-in-suit by making, selling,

offering for sale and/or using websites, including but not limited to www.ccmediaholdings.com, that practice or embody the patented invention.

30. Defendant Coach has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.coach.com, that practice or embody the patented invention.

31. Defendant Coca-Cola Company has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.coca-colacompany.com, that practice or embody the patented invention.

32. Defendant Cognizant Technology Solutions has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.cognizant.com, that practice or embody the patented invention.

33. Defendant Deutsche Bank has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.db.com, that practice or embody the patented invention.

34. Defendant Dr Pepper Snapple Group, Inc. has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.drpeppersnapplegroup.com, that practice or embody the patented invention.

35. Defendant Harris Corporation has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.harris.com, that practice or embody the patented invention.

36. Defendant LG Electronics has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.lge.com, that practice or embody the patented invention.

37. Defendant Macy's Inc. has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.federated-fds.com, that practice or embody the patented invention.

38. Defendant NiSource, Inc. has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.nisource.com, that practice or embody the patented invention.

39. Defendant Northern Tool & Equipment has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.northerntool.com, that practice or embody the patented invention.

40. Defendant Oakley has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the patent-in-suit by making, selling, offering for sale

and/or using websites, including but not limited to www.oakley.com, that practice or embody the patented invention.

41. Defendant Valero Energy Corporation has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.valero.com, that practice or embody the patented invention.

42. Defendant Varian Medical Systems, Inc. has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.varian.com, that practice or embody the patented invention.

43. Defendant Williams – Sonoma Inc. has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.westelm.com, that practice or embody the patented invention.

44. Defendant Zales the Diamond Store has infringed and continues to infringe, directly, contributorily, and/or through the inducement of others, the patent-in-suit by making, selling, offering for sale and/or using websites, including but not limited to www.zales.com, that practice or embody the patented invention.

45. Webvention has been damaged as a result of Defendants' infringing conduct. Defendants are, thus, liable to Webvention in an amount that adequately compensates Webvention for Defendants infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

46.     Defendants' infringement of Webvention's rights under the patent-in-suit will continue to damage Webvention, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## IV.     JURY DEMAND

Webvention hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## V.     PRAYER FOR RELIEF

Webvention requests that the Court find in its favor and against Defendants, and that the Court grant Webvention the following relief:

a.  Judgment that one or more claims of United States Patent No. 5,251,294 has been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

b.  Judgment that Defendants account for and pay to Webvention all damages to and costs incurred by Webvention because of Defendants' infringing activities and other conduct complained of herein;

c.  That Defendants' infringements be found to be willful from the time that Defendants became aware of the infringing nature of their respective products and services, which is the time of filing of Plaintiff's Original Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

d.  A grant of a permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of infringement;

e. That Webvention be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

f. That this Court declare this an exceptional case and award Webvention its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

g. That Webvention be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: October 5, 2010                                   Respectfully Submitted,

                                          By:    /s/ William E. Davis, III
                                                 William E. "Bo" Davis III
                                                 Texas State Bar No. 24047416
                                                 THE DAVIS FIRM, PC
                                                 111 West Tyler Street
                                                 Longview, Texas  75601
                                                 Phone:  903-230-9090
                                                 Fax:  903-230-9661
                                                 Email: bdavis@bdavisfirm.com

                                                 **ATTORNEY FOR PLAINTIFF
                                                 WEBVENTION LLC**